**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RIGOBERTO MELERO AGUIRRE,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 2:21-cv-08125-MWF (AFM)<br><br>**ORDER DISMISSING PETITION FOR LACK OF JURISDICTION** |

In 2011, Petitioner pleaded guilty to conspiracy to possess with the intent to distribute more than five kilograms of cocaine in the United States District Court for the Western District of Texas. He was sentenced to 300 months' imprisonment. *See United States v. Aguirre*, 3:09-cr-1267-FM-2 (W.D. Tex.) ("*Aguirre*"), ECF Nos. 172, 281, 495, 517.[1]

On September 27, 2021, Petitioner filed a document entitled "Omnibus Petition," which the Court construes to be a petition for a writ of habeas corpus

---

[1] The Court takes judicial notice of the dockets in Petitioner's underlying criminal case as well as other court proceedings. *See* Fed. R. Evid. 201; *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (courts may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts).

pursuant to 28 U.S.C. § 2241.[2] Petitioner is currently incarcerated in the Federal Correctional Institution La Tuna, which is located in Anthony, Texas. (ECF 1.) The petition challenges the legality of Petitioner's 2011 conviction in, and sentence imposed by, the United States District Court for the Western District of Texas. Although the precise legal and factual basis for Petitioner's claims are difficult to discern, it appears that Petitioner alleges that his guilty plea is invalid, he received ineffective assistance of counsel, the prosecutor suppressed evidence, the Fifth Circuit Court of Appeal erred in rejecting his claims, and he is actually innocent of a career offender sentence because his state-court conviction does not qualify as a predicate offense. (*See* ECF 1 at 5-14.) For the following reasons, the petition is summarily dismissed for lack of jurisdiction.

## DISCUSSION

Generally, a federal prisoner who seeks to challenge the legality of his confinement must do by filing a motion pursuant to 28 U.S.C. § 2255. *See Allen v. Ives*, 950 F.3d 1184, 1188 (9th Cir. 2020); *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). The "escape hatch" provision of § 2255(e), however, provides a limited exception: A federal prisoner may proceed by way of a § 2241 petition if the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see Marrero*, 682 F.3d at 1192. As the Ninth Circuit has made clear, entitlement to the escape hatch "is not easy to establish," because it is available only if a prisoner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Shepherd v. Unknown Party, Warden, FCI Tucson*, 5 F.4th 1075, 1076 (9th Cir. 2021) (quoting *Marrero*, 682 F.3d at 1192).

Because Petitioner challenges his 2011 conviction, he must do so by way of a § 2255 petition unless he can establish entitlement to the escape hatch. The Court

---

[2] From the caption and the proof of service, it appears that Petitioner may have intended to file the petition in the United States District Court for the District of Columbia. (*See* ECF No. 1 at 1, 15.)

need not decide whether Petitioner can make the requisite showing because no matter how it is construed, the Court lacks jurisdiction over Petitioner's present challenge to his 2011 conviction. Only the sentencing court has jurisdiction over a § 2255 motion. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Thus, if the petition is properly deemed a § 2255 motion, Petitioner must bring it in the United States District Court for the Western District of Texas.

A § 2241 petition must be filed in the district with jurisdiction over the petitioner's custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442-443 (2004) (noting "the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement") (citing *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973)). Thus, assuming Petitioner could proceed by way of a § 2241 petition, he must file it in the district having jurisdiction over his custodian. As mentioned above, Petitioner is incarcerated in FCI La Tuna, which is located in El Paso County, in the Western District of Texas. Thus, only the United States District Court for the Western District of Texas has jurisdiction over Petitioner's custodian, and any § 2241 petition must be filed in that court.

The remaining question is whether this action should be transferred to any other court in which the action could have been brought. *See* 28 U.S.C. § 1631. "Transfer is appropriate under § 1631 if three conditions are met: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001). Here, the interests of justice would not be served by transferring this action because it is unlikely that Petitioner could meet the requirements to obtain permission to file a successive § 2255 petition in the sentencing court. Petitioner already filed at least three motions to vacate his sentence pursuant to 28 U.S.C. § 2255 in the sentencing court. Petitioner's first motion, filed in 2015, was denied as time barred. *Aguirre*, ECF Nos. 472, 477-478.

Two subsequent § 2255 motions were dismissed as successive. *Aguirre*, ECF Nos. 516-518, 542, 544-545. It is also unlikely that Petitioner can make the requisite showing entitling him to proceed by way of a § 2241 petition. Petitioner already has filed a § 2241 petition in the United States District Court for the Western District of Texas. *See Melero-Aguirre v. Bergami*, 2020 WL 905196, at *1 (W.D. Tex. Feb. 24, 2020).[3] That court concluded that Petitioner failed to fall within the savings clause of § 2255 and dismissed the petition for lack of jurisdiction. *Melero-Aguirre*, 2020 WL 905196, at *4. Accordingly, transfer here is inappropriate. *See Clark v. Busey*, 959 F.2d 808, 812 (9th Cir. 1992).

## ORDER

IT THEREFORE IS ORDERED that this action be dismissed without prejudice for lack jurisdiction.

DATED: November 29, 2021

                                                                                          _____
                                                                                                MICHAEL W. FITZGERALD
                                                                                                UNITED STATES DISTRICT JUDGE

---

[3] The petition filed in the Western District of Texas included one of the same allegations as is included in the present action, namely a claim that Petitioner's state-court conviction no longer qualified as a predicate offense, so he was actually innocent of a career offender sentence enhancement. *Melero-Aguirre*, 2020 WL 905196, at *2. In rejecting that claim, the Court explained that Petitioner "was *not* sentenced as a career offender; he was sentenced based on the quantity of cocaine he distributed." *Melero-Aguirre*, 2020 WL 905196, at *4.